Dear Mr. Oakley:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
In the request, you relate certain facts concerning the new Minimum Foundation Formula created by Senate Concurrent Resolution Number 223 as it relates to reimbursement of insurance premiums for school board employees. You also bring to our attention Act 1044 of the 1992 Regular Legislative Session, which provides for certain revisions of LSA-R.S.42:821(A)(1)(b) and LSA-R.S. 42:851(A)(1)(b) concerning certification of employee eligibility information to the state treasurer. The facts related in your request raise the following issue for our review and resolution:
 "What effect does Act 1044 of the 1992 Regular Legislative Session have on school boards with self-funded or private insurance programs, and can the State Employees Group Benefits Program (SEGBP) legally require information from those school boards with self-funded or private carrier group benefits programs."
The Louisiana State Supreme Court in the case of Louisiana Association of Educators v. Edwin W. Edwards, et. al., 521 So.2d 390
(La. 1988), stated that the formula adopted by the Board of Elementary and Secondary Education and subsequently approved by the Legislature provided only a method for the distribution of education funds. The formula did not, in and of itself, constitute the Minimum Foundation Program, nor did it constitute the calculation of the cost of a Minimum Foundation Program. See also Attorney General Opinion Number 88-78, a copy of which is enclosed.
LSA-Const. Art. VIII, § 13(B) sets forth the method of funding for the Minimum Foundation Program. This article states, in part:
 "(B) Minimum Foundation Program. The State Board of Elementary and Secondary Education, or its successor, shall annually develop and adopt a formula which shall be used to determine the cost of a minimum foundation program of education in all public elementary and secondary schools as well as to equitably allocate the funds to parish and city school systems. . . . The legislature shall annually appropriate funds sufficient to fully fund the current cost to the state of such a program as determined by applying the approved formula in order to insure a minimum foundation of education in all public elementary and secondary schools. . . ."
Traditionally, the Legislature has approved the MFP formula by concurrent resolution. A concurrent resolution in most circumstances is utilized to adopt or change joint rules of the Legislature, grant authority for late introduction of bills, and express legislative intent. See the Citizen's Guide to the 1992 Louisiana Legislature, Public Affairs Research Council of Louisiana, Inc., p. 123. In certain instances, a concurrent resolution has the force and effect of law, such as where the resolution suspends the law. See LSA-Const. Art. III, § 20.
In the circumstances of this case, this office is of the opinion that the concurrent resolution approving the MFP formula has the force and effect of law because its passage is constitutionally mandated. Having drawn this conclusion, it would seem that a conflict exists between Senate Concurrent Resolution 223 and the recent Act 1044, as both are related to the SEGBP Board's responsibility for certification of employee eligibility information concerning life and health insurance. Specifically, the Senate Concurrent Resolution 223 does not require SEGBP to certify employee eligibility and funding information on school boards which maintain private or self-funded group benefits programs. Act 1044 revises both LSA-R.S. 42:821(A)(1)(b) and LSA-R.S. 42:851(A)(1)(b) to apply only to "each such private contract or self-funded program, the premiums of which are paid in whole or in part with State funds. . .". Further, subsection B(2) of both LSA-R.S. 42:821 and LSA-R.S. 42:851 further provides that "any parish or city school board exercising the option to participate in any private group policy of program . . . other than the State Employees Group Benefits Program may be reimbursed by the Board . . . from funds appropriated by the legislature for this purpose." (Emphasis added).
You state it appears that SEGBP certification responsibility is limited by statute to those private contracts or self-funded programs where premiums are paid in whole or in part with state funds appropriated by the legislature for this purpose. You further state Senate Concurrent Resolution 223 now allows payment of these premiums with monies other than state funds, and for this reason SEGBP is no longer charged with the responsibility of supplying this information.
This office is of the opinion that SEGBP is required by law to submit that information requested by the state treasurer concerning those school boards with self-funded or private carrier group benefits programs. First, we draw this conclusion because legislative intent in the enactment of Act 1044 is one of accountability for the spending of state funds. Second, although distribution of monies from the state treasurer's office is not predicated on early receipt of this information, the submission of such information does provide a reporting mechanism to ensure that these monies are appropriately distributed. Third, inherent in each school board's acceptance of these funds is the responsibility to comply with state law concerning any reporting requirements. Fourth and finally, although there may be a question concerning whether the entire premium reimbursement is paid with funds properly characterized as local, state, or federal, at least a portion is necessarily paid with state monies. For this reason, SEGBP comes within the ambit of coverage of LSA-R.S. 42:821(A)(1)(b) and LSA-R.S. 4:851(A)(1)(b), and the reporting requirements contained therein become applicable to SEGBP.
We trust the opinion is responsive to your request. Should you require further information, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/0134E